UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRINA SILAS,

                              Plaintiff,

              -v-

UNITED PARCEL SERVICE, INC., *et al.*,

                              Defendants.

24 Civ. 3710 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Trina Silas moves to remand this case to state court for reasons including that one defendant, Leon Chambers, failed to timely consent to removal as required by 28 U.S.C. § 1446(b)(2)(A). For the reasons that follow, the Court grants Silas' motion.

    On March 5, 2022, Silas was injured in an automobile accident on the George Washington Bridge. Dkt. 1, Ex. 1 ¶¶ 78–82. Silas was a passenger in one car, driven by Chambers, which collided with another car, owned by defendant United Parcel Service, Inc. ("UPS") and driven by defendant Mauricio Cortazar. *Id.* On June 30, 2023, Silas filed this action in the Supreme Court of the State of New York, Bronx County, to recover against Chambers, UPS, and Cortazar for her injuries. Dkt. 1 ¶ 1. By July 27, 2023, all defendants had been properly served. Dkt. 12 ¶ 5. On April 18, 2024, defendants received Silas's response to their demand for an *ad damnum*, in which she declared that she sought to recover in excess of $5 million. Dkt. 1 ¶ 7. On May 14, 2024, UPS and Cortazar removed the case to this Court based on diversity jurisdiction. Dkt. 1. Chambers, however, did not join the notice of removal or otherwise notify the Court of his consent to removal.

1

That fact begins—and ends—this case. "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). All defendants must do so "within 30 days after receipt" of "the pleading . . . from which it may first be ascertained that the case is . . . removable." *Id.* § 1446(b)(3). And all "defendants 'must independently express their consent to removal.'" *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) (quoting *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (per curiam)). Here, Chambers had until May 18, 2024 to consent to removal—30 days after he received Silas' response to defendants' demand for an *ad damnum*. But Chambers did not consent to removal within that time frame. As such, this case must be remanded to state court. *See, e.g., Domino A LLC v. Accredited Sur. & Cas. Co.*, No. 23 Civ. 10919 (JLR), 2024 WL 421256, at *1–2 (S.D.N.Y. Jan. 2, 2024) (granting motion to remand where one defendant failed to join notice of removal or consent to removal within 30 days of case becoming removable); *Flores v. ECI Transp., Inc.*, No. 23 Civ. 2037 (JGLC), 2023 WL 5803593, at *1–2 (S.D.N.Y. Sept. 7, 2023) (same); *Hailemariam v. Nat'l Passenger R.R. Corp.*, No. 22 Civ. 1503 (CS), 2022 WL 1591902, at *3–4 (S.D.N.Y. May 19, 2022) (same).

UPS and Cortazar's counterargument is not persuasive. Their joint counsel represent that Chambers' counsel verbally consented to removal in a telephone call on June 12, 2024, Dkt. 13 at 7, and argue that § 1446's requirement of unanimous consent therefore was satisfied. That is wrong for two reasons. First, even on this account, Chambers' consent was still untimely. All defendants must consent to removal within the 30-day statutory period—a period that expired here on May 18, 2024, 30 days after Silas first notified defendants of her $5 million demand. 28 U.S.C. § 1446(b)(2)(B). "Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure

2

by providing late consent." *Taylor*, 15 F.4th at 151; *see also* 14C Wright & Miller, Federal Practice & Procedure § 3739.2 ("[I]f fewer than all defendants who must join the removal fail to do so within the time prescribed in Section 1446, that defect cannot be cured."). Second, even if Chambers' consent were timely, the way in which this fact was conveyed to the Court was inadequate. A defendant must notify the Court of its consent to removal—it may not do so by proxy. *See Gold Town Corp. v. United Parcel Serv., Inc.*, 519 F. Supp. 3d 169, 175 (S.D.N.Y. 2021) (collecting cases). By failing to provide written consent to the Court within the 30-day window, Chambers failed to "consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

The Court thus grants Silas' motion to remand this case to state court.[1] The Clerk of Court is respectfully directed to terminate all pending motions and to remand this case to the Supreme Court of the State of New York, Bronx County.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 8, 2024
New York, New York

---

[1] In light of this holding, the Court does not have occasion to consider Silas' other arguments in support of remand.

3